UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DELTRA HENDERSON** | **CIVIL ACTION NO. 07-1183** |
| VS. | SECTION P |
| WARDEN, D.W.C.C. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on July 13, 2007, by *pro se* petitioner Deltra Henderson. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the David Wade Corrections Center, Homer, Louisiana, where he is serving concurrent sentences totaling 30-years imposed following his April 2007 felony convictions in the Third Judicial District Court, Union Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

Prior to April 27, 2001, petitioner was arrested and charged with attempted first degree murder. On that date he pled guilty to attempted armed robbery and aggravated burglary. In accordance with a plea agreement he was sentenced to serve concurrent sentences of 30-years on

these charges. He was also sentenced to serve 10 years on a charge of distribution of cocaine. [doc. 1-3, pp. 1-2] Petitioner did not appeal. [doc. 1-1, paragraph 6]

On February 24, 2006, petitioner filed an application for post-conviction relief in the Third Judicial District Court. [doc. 1-4, pp. 11-23] He argued two claims for relief: (1) involuntary guilty plea and (2) ineffective assistance of counsel. [*id*., pp. 14-15 and 19] When the district court failed to act on his petition, petitioner filed an application for mandamus in the Second Circuit Court of Appeals. [doc. 1-4, pp. 7-10]

On August 31, 2006 the Second Circuit denied writs in an unpublished order finding,

> The exercise of this court's extraordinary supervisory powers is not warranted to direct the trial court to act on a pending application it can only deny. The applicant, sentenced after a guilty plea in 2001, filed an application for post-conviction relief in February 2006. The post-conviction relief application ... raises claims of ineffective assistance of counsel and a broken plea agreement, but adverts to no exception to the time limitations under La. C.Cr.P. art. 930.8 and is facially untimely. This court will not exercise its supervisory powers to direct the trial court to act on an application that it can only deny. The application for writ of mandamus is denied. *State of Louisiana v. Deltra Henderson*, 41727-KH (La. App. 2 Cir. 8/31/2006) (unpublished). [doc. 1-4, p. 6]

Thereafter, petitioner filed a writ application in the Louisiana Supreme Court. [doc. 1-4, pp. 2-5] On June 15, 2007, his writ application was denied. *State of Louisiana ex rel. Deltra Henderson v. State of Louisiana*, 2006-2337 (La. 6/15/2007), — So.2d —, 2007 WL 2077425. [doc. 1-4, p. 1]

Petitioner filed his federal *habeas corpus* petition on July 13, 2007.

### *Law and Analysis*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA,

including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following April 27, 2001 (the date that

---

[1] Nothing in the record before the court suggests that any State-created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

petitioner was sentenced)[2], or on or about May 27, 2001. Under 28 U.S.C. § 2244(d)(1) he had one year, or until about May 27, 2002 to file his federal *habeas* petition.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because he did not file his first collateral attack in the state courts until February 24, 2006, and by that time the limitations period had already long expired.  Neither that filing, nor any of his subsequent filings in the Third Judicial District Court, the Second Circuit Court of Appeals, or the Louisiana Supreme Court could toll the limitations period since these proceedings were filed <u>after</u> the AEDPA limitations period had already expired, and, as stated above, any lapse of time <u>before</u> the filing of his otherwise timely application for post-conviction relief must be counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Thus, a period of more than twelve un-tolled months elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed; accordingly, his *habeas* claims are barred by the timeliness provisions codified at 28 U.S.C. § 2244(d).

**IT IS THEREFORE RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** as barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

---

[2] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. The amendment became effective on August 15, 2003 [See LA Bill Hist., 2003 Reg. Sess.] after petitioner's sentencing date. Nevertheless, for the purposes of this Report, petitioner has been given the benefit of the amendment in the determination of the finality of his judgment of conviction.

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 2nd day of August, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE